STATE of Missouri, Respondent,

v.

Luther WILLIAMS, Appellant.

No. 56203.

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for respondent.

Eugene E. Eimer, St. Louis, for appellant.

HIGGINS, Commissioner.

Luther Williams, with prior felony conviction, was convicted by a jury of robbery, first degree, by means of a dangerous and deadly weapon, and the court assessed his punishment at 10 years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 560.120, 560.135, V.A.M.S. (Appeal taken prior to January 1, 1972.)

Appellant does not question the sufficiency of evidence to sustain his conviction and a case may be demonstrated from the statement in his brief:

"On December 10, 1969, at approximately 7:30 p. m., Hoover Benford, Robert Reece and Louis Clayborn were in the A and B Liquor Store at 3868 Ashland, City of St. Louis. Benford and Reece were employees of the store, and Clayborn was a customer.

"Luther Williams, the defendant, entered the store and announced a holdup. A second man (Brendon Rogers) then also entered the store and directed Benford, Reece and

Clayborn to lay on the floor, or Luther Williams had already directed them to lay on the floor. Luther Williams had a pistol.

"The second man went around a counter and looked for and demanded money. The second man threatened to kill Reece. Benford told where money was hidden. The money [approximately $300], a pistol and a rifle were taken. Luther Williams and the second man then left the store taking with them the said property.

"Reece testified that when he came into work he had noticed Luther Williams and the second man across the street from the store, and that Luther Williams had entered the store to make a small purchase, had left, and then returned to announce a holdup. Reece later also stated he was not sure whether Luther Williams came into the store first or whether the other man entered first and announced the holdup. * * *

"Reece attended a lineup a short time after the holdup and identified one man, Luther Williams. * * *

"Hoover Benford identified Luther Williams, the appellant, in a lineup as the first person to enter the liquor store and as one of the persons performing the robbery. Benford also identified Williams in the court room."

The defense was alibi.

Appellant's first point contains two contentions, i. e., that the court erred in suppressing identification testimony by witness Louis Clayborn, and in refusing to allow the defense to comment that such witness, present at the robbery, did not identify defendant.

■ Defendant moved, prior to trial, both pro se to "suppress the illegal use in evidence the identification testimony," and through counsel "to suppress the in-court identification of any witnesses of this defendant." A hearing was accorded. The investigating officer, Detective Robert Bomerito, described the manner and extent of identification of defendant and Brendon

Rogers by witnesses ˙ Reece and Benford from pictures and at lineups; Benford described the manner and extent of his identification of defendant and Rogers, as did Robert Reece, Jr. Louis Clayborn saw photographs of defendant and Rogers which he identified as the robbers, and then identified, erroneously, a spectator in the courtroom as one of the robbers. At the conclusion of the pretrial hearing, the court sustained the motion "as to the identification by Mr. Clayborn," and suppressed in-court identification by him.

With the identification procedures in such posture, it is apparent that defendant obtained what he requested insofar as witness Clayborn is concerned, and he cannot now successfully assert error in granting him the requested relief.

■ The second contention is an argument that defendant was deprived of "the opportunity to tell the jury of a large weakness in the State's evidence, and to comment upon this weakness," and that such deprivation constitutes a denial of due process.

With respect to this contention, the following transpired just prior to final arguments:

"THE COURT: Mr. Fitzsimmons, before we came in for the argument, you indicated that you wanted to make some argument about the fact that Clayborn didn't identify this defendant and I˙ indicated to you I would not permit it and didn't think it was proper. I think, in all fairness, you ought to have a record on that point because, as far as I know, it hasn't been denied, but it is the Court's point of view that having filed the motion to suppress and the Court having sustained it, that then it is not fair òr proper for the defendant to be able to take advantage of the action the Court took, at his request, and then argue against the State in that fashion.

"MR. FITZSIMMONS: Your Honor, for the record, I would state that in view of the Court's ruling, I will not make the ar-

gument that I planned to make and that is that Clayborn identified no one, even though he was present at the time of the robbery. I had planned, but since the Court indicated it would be improper I won't make it at this time.

"THE COURT: Very well. I just wanted you to be given the opportunity on the matter. As far as I know, it has not been denied. That's simply the way I look at it."

It is apparent from the foregoing that defendant was not denied his suggested comment; and, in any event, since witness Clayborn could not, under the order suppressing his testimony, attempt an in-trial identification of the robbers, his inability to identify them, if so, was not a matter of record upon which to base an argument to the jury.

Appellant cites State v. Thompson, Mo., 396 S.W.2d 697, and United States ex rel. Meers v. Wilkins, 2 Cir., 326 F.2d 135, neither of which is relevant because they simply hold that suppression of, or failure to disclose, evidence favorable to defendant, in possession or control of the prosecution, violates defendant's due process.

Appellant contends next that the court erred in denying defendant's "handwritten" motion to suppress without hearing and argument.

The record is clear in refutation of this contention. It shows that pretrial hearing was accorded on motions to suppress identification and "the defendant's handwritten motion to suppress any confession." Following the hearing, the court found, in addition to suppressing the identification testimony of witness Clayborn, that: "As far as the other two witnesses are concerned, the testimony is uncontradicted; as far as the lineup is concerned, the men in it were advised of their right to have counsel and none was requested. So I think under those circumstances there is a waiver of any taint, if, indeed, there was any. Fur-

thermore, under the uncontradicted testimony, I don't see anything unduly suggestive about the lineup procedure. There were at least four men in it and each witness identified without suggestion. As to the photographs, Hoover Benford saw them subsequent to the lineup and defendant's was not in those shown Reece. And, therefore, as to the witnesses Hoover Benford and Robert Reece the motion will be denied. The testimony is also uncontradicted that the defendant made no statements, so, obviously, his handwritten motion to suppress any statements is not well taken and that will be denied."

■ Finally, appellant contends the court erred in denying his motion for acquittal at the close of the evidence, "since the testimony of the witnesses concerning the identification of the defendant was manifestly false and not worthy of belief."

Suffice to say, in denial of this contention, that appellant tacitly concedes the state made its case and appellant's own statement demonstrates a submissible case. Conflicts, if any, in identification testimony were for resolution by the jury, inasmuch as none of the identification evidence is demonstrated to be so inherently impossible or so opposed to all reasonable probability as to be manifestly false. C.f. State v. Parker, Mo., 324 S.W.2d 717; Lohmann v. Wabash R. Co., 364 Mo. 910, 269 S.W.2d 885; State v. Tucker, 232 Mo. 1, 133 S.W. 27.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM.

The forgoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.