STATE of Missouri, Respondent,

v.

William LOCKHART, Appellant.

No. 57489.

Supreme Court of Missouri, Division No. 1.

April 8, 1974.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

Arthur Kreisman, St. Louis, James C. Jones, III, St. Louis, for appellant.

HIGGINS, Commissioner.

William Lockhart, with prior conviction, was charged with illegal sale of heroin. He was convicted by a jury and the court assessed his punishment at fifteen years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 195.017, 195.020, 195.200, RSMo 1969, V. A.M.S. (Appeal taken prior to January 1, 1972.)

Appellant does not question the sufficiency of evidence to sustain his conviction, and the evidence would permit the jury to find: that on November 10, 1970, Officer John Thomas and other officers of the St. Louis Metropolitan Police Department met with an unidentified informant; that Officer Thomas was given $50 in cash with which to purchase heroin from William Lockhart; that the informant made a telephone call to Lockhart and he and Officer Thomas drove to the Lockhart residence at 4112 St. Ferdinand, St. Louis, Missouri; that the two were admitted to the house by defendant; that Officer Thomas paid defendant $50 for an aluminum foil package of heroin which the three proceeded to place in capsules; that Officer Thomas took the capsules to the police laboratory; that the contents of the capsules were analyzed and found to be heroin.

During the cross-examination of Officer Thomas the court sustained the State's objections to questions by which defendant sought to show a charge of second degree murder pending against Officer Thomas. Defendant offered "to prove by this witness in cross-examination that he is presently under indictment in St. Louis County for second degree murder, that he has been confined to the County Jail for six months or more, and that I am offering that for the purpose of showing this man's reputation and character so the jury may determine whether he is to be believed at all."

By paragraphs 3, 4 and 5 of his motion for new trial, defendant presented his allegations of error with respect to denial of his offer of proof, asserting that the offer was "important evidence as to the credibility which the Jury should give to his testimony * * * for the purpose of showing his testimony is not to be believed, * * * that said witness was not a credible witness because of his own misconduct and lack of veracity."

Appellant now asserts that the court erred in refusing his offer of proof and to permit him to cross-examine Officer Thomas regarding a second degree murder charge pending against him.

■ It is well established that the credibility of a witness may not be attacked by showing his arrest and a pending charge which has not resulted in a conviction. State v. Sanders, 360 S.W.2d 722, 725 [4] (Mo.1962). It would be error to ask a witness if he has been arrested for or charged with a crime or in jail awaiting trial on a pending charge. State v. Foster, 349 S.W.2d 922, 925 [7] (Mo.1961).

■ An exception to the rule has been noted where the inquiry shows a specific interest of the witness, State v. Sanders, supra; or where it shows a possible motivation of the witness to testify favorably for the government, United States v. Bonanno, 430 F.2d 1060 (2nd Cir. 1970); or where it shows the testimony of the government witness was given in expectation of leniency, United States v. Migliorino, 238 F.2d 7 (3rd Cir. 1956); Hughes v. United States, 427 F.2d 66 (9th Cir. 1970). The quoted portion of defendant's motion for new trial shows that none of these exceptions were preserved by their presentation to the trial court, and appellant's brief cannot supply that deficiency. State v. Brown, 298 S.W.2d 351, 353 [6] (Mo. 1957).

■ Nor does appellant's argument based upon the cited federal cases consti-

tute "plain error" under Rule 27.20(c), V.A.M.R. because there has been no showing that Officer Thomas was motivated by interest or promise of leniency in exchange for his testimony.

Also in the cross-examination of Officer Thomas, the following transpired: "Q Do you· know whether or not that informer had any charges pending against him at the time for use or sale or anything in connection with drugs? A I don't believe he had anything against him at the time. Q You made him no promises of any kind that you would help him if he would come and put you in contact with Lockhart or somebody else? A We are not in a position to make any promises. Q But you do make promises? A Not to my knowledge. I never have. Q Sergeant Vasil made promises, didn't he in St. Louis County? MR. COSENTINO: I object. THE COURT: Objection sustained."

Appellant charges error in the refusal to permit cross-examination of Officer Thomas regarding promises that may have been made by the State to the informer. This contention was not preserved by motion for new trial. Nor does it constitute "plain error" because there is no showing how defendant was prejudiced. The informant was not a witness against defendant. Consequently, promises, if any, made to the informant by Sergeant Vasil were irrelevant. Cf. Hughes v. United States, supra, where the informant was a witness and defendant was entitled to show his interest or bias by reason of promises made to him by the police.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.