**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Gary Sylvester BROWN,
Defendant–Appellant.**

No. 41252.

Missouri Court of Appeals,
Eastern District,
Division One.

July 29, 1980.

Samuel Raban, St. Louis, for defendant—appellant.

John Ashcroft, Atty. Gen., Paul Robt. Otto, Asst. Atty. Gen., Jefferson City, Mary C. P. Pincus, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff—respondent.

STEWART, Presiding Judge:

A jury found defendant guilty of the crimes of operating a motor vehicle without the owner's consent and assessed punishment at a $100.00 fine and of robbery first degree with punishment of five years im-

prisonment. Defendant appeals from the judgment entered upon the jury verdict.

Defendant contends that the trial court erred in (1) permitting the introduction of evidence of crimes other than those for which defendant was charged, (2) permitting certain exhibits into evidence where the State failed to disclose them prior to trial, (3) permitting irrelevant pieces of clothing into evidence, (4) restricting cross–examination of State witnesses, and (5) orally instructing jurors.

Defendant does not question the sufficiency of the evidence to support the judgment and we therefore state the facts briefly.

On February 25, 1978 Mary Alice Turner's 1973 green Gremlin automobile was stolen from in front of her residence.

Defendant was seen driving the green Gremlin for about two weeks prior to March 14, 1978. On that date, defendant, with two other young men riding in the car with him, drove up to Christopher Moore, age 12 who was standing on the corner of Taylor and Carter Avenues selling candy for a charity. Defendant said to his companions, "I know he got some money." Christopher Moore started to flee. The two passengers got out of the car and ran after Christopher, one of them pointed a gun at him, and they took the candy and thirty dollars in cash.

The victim, who knew the defendant, reported the incident to a police officer and gave the officer defendant's address. The Gremlin was subsequently stopped by police and the defendant, who was driving the car, jumped out and ran. A shot was fired by a police officer but defendant kept running. He was later found in the basement stairwell of his home with a small wound from a shotgun pellet in the back.

In his defense defendant, who was 18 years of age, testified that at the time of the robbery he was at the home of Mrs. Doris Moore watching television. Defendant was a friend of Mrs. Moore's grandchildren. Mrs. Moore asked him to purchase some beer for her and gave him a $20.00 bill for that purpose. When he left the house he saw three friends of his in the green Gremlin. He testified that they drove him to the store where he purchased the beer and drove him back to Mrs. Moore's. He got out of the car and started up to the door when he was shot. He stated that he had not removed the beer from the car at the time.

Because defendant's issues deal primarily with the admission and exclusion of evidence and instructions we shall develop the facts with respect to those issues as they arise.

Defendant's first point questions the admissibility of three areas of testimony. He first objects to the testimony of Ms. Turner, the owner of the Gremlin automobile, that the license plates on her car, when it was recovered, were not the plates that were on the car when it was taken, and of the testimony of a Mr. Cogut that on March 1, 1978 the witness noticed that his license plates had been removed and replaced by the license that had been removed from Ms. Turner's car. Mr. Cogut's license was found on Ms. Turner's car when it was recovered. It is defendant's position that this constituted impermissible evidence of other crimes. Defendant has not preserved this matter for our review because he made only general objections to this evidence at the trial.[1] *State v. Lang*, 515 S.W.2d 507 (Mo.1974). No reference to this testimony was made in defendant's motion for new trial. *State v. Edwards*, 574 S.W.2d 956 (Mo.App.1978).

---

1. "MR RABAN: (Defendant's counsel) I'm objecting on the ground it's improper re-cross because it hasn't been mentioned in the examination by the defense.

    .    .    .    .    .

    MR. RABAN: My objection on the ground that he's questioning this man about what happened on March the first?

    THE COURT: All right. Your objection is overruled until I hear more evidence.

    .    .    .    .    .

    MR. RABAN: Just a minute, I object. The objection runs to the entire series of questions.
    THE COURT: I understand."

Defendant also complains of the admission into evidence of photographs of the interior of the Gremlin automobile that show a six pack of beer because it constituted evidence of other crimes in that defendant was a minor at the time of his arrest. Defendant however, did not object to the introduction of this evidence and thus the issue has not been preserved. *State v. McKinney*, 475 S.W.2d 51, 55 (Mo.1971). Further, when the court originally announced that it was not going to admit this evidence, counsel for defendant stated "[m]ay I take exception as to why the liquor was not admitted?" It was only after defendant indicated that the pictures should be in evidence that they were admitted. It is apparent that defendant wanted these pictures in evidence because the presence of the beer was corroborative of defendant's testimony that he made a purchase of beer for Mrs. Moore. Defendant obtained what he wanted; he may not now complain of admission of this evidence. *State v. Williams*, 486 S.W.2d 201 (Mo.1972).

■ Defendant also complains of the introduction into evidence of items of clothing that were found in the Gremlin automobile because they constitute evidence of other crimes. Defendant made no objection when these items were identified. The only objection made when they were offered into evidence was:

"MR. RABAN: Defendant's objection on the same grounds as stated before as not having been previously—

THE COURT: Not having been what?

MR. RABAN: Previously made available.

THE COURT: Overruled. They may be admitted into evidence."

This objection pertains to the next issue raised by defendant which will be discussed below. It does not raise the issue which defendant argues at this point. The points relied on upon appeal must be based upon the objections made in the trial court. Defendant may not broaden his trial objections on appeal. *State v. Jones*, 515 S.W.2d 504 (Mo.1974).

Defendant next contends that the court erred in admitting into evidence exhibits consisting of photographs, clothing, beer, and fingerprints because they were not made available to defendant prior to trial in response to his general motion for discovery.

We consider first defendant's objections to the introduction of the photographs into evidence. On the first day of trial after the voir dire the State had the court reporter mark all the photographs as exhibits. On the morning of the second day of trial the State sought to have a witness identify some of the photographs when defendant objected because the photographs had not been previously made available to the defense. After some discussion out of the hearing of the jury, defendant's counsel requested three hours time to check the photographs of the locations involved in the case. The following then occurred:

"THE COURT: Do you want to go out there and look at the place?

MR. RABAN: I might. I want to go over them with my defendant to see what he thinks and have an opportunity to see what this is all about.

THE COURT: I'll give you fifteen minutes and then you let me know what you want to do after that.

MR. RABAN: Thank you."

Subsequently the following occurred in chambers:

"MR. RABAN: I've inspected the pictures for the last ten or twelve minutes. Fifteen minutes. I can't tell you.

THE COURT: More likely twenty minutes. Are you satisfied now that you've seen them?

MR. RABAN: I'm not satisfied, Your Honor, but I'll accept it.

THE COURT: All right. You are withdrawing your objection?

MR. RABAN: No, Your Honor.

THE COURT: What more do you want?

MR. RABAN: My objection was not on the fact that—well, it was based on the fact that it's a practice of the Circuit Attorney's Office. It's not only Mr.

Hoag. Mr. Hoag isn't any different from any of the other Circuit Attorneys in his handling of this case.

THE COURT: Let's just try to stay away from this at this time.

MR. RABAN: There is no question of personalities involved here. My point is I'm objecting to the manner in which the Circuit Attorney's Office holds these pictures and, as a matter of fact, in many cases they don't even print the pictures until the case is sent out for trial.

MR. HOAG: That's correct.

MR. RABAN: So they hold them back and don't show them to defense counsel. That's my basis.

THE COURT: You were aware there were pictures, though.

MR. RABAN: Yes. I was aware of it from the police report, but what the pictures were—

THE COURT: Did you ever ask to see them?

MR. RABAN: No, I did not, Your Honor.

THE COURT: Are we ready to proceed now?

MR. RABAN: I imagine we are.

MR. HOAG: Yes, sir, Judge."

■ Under Rule 25.32(A)(6)[2] the State upon motion for discovery was required to produce the photographs for inspection or be subject to sanctions under Rule 25.45. Defendant contends that the court should have excluded the photographs. Whether a sanction is to be imposed or the nature of the sanction, if imposed, is a matter within the discretion of the trial court. *State v. Sykes*, 559 S.W.2d 643, 646 (Mo.App.1977). The sanctions which a court may impose against the party failing to produce when the matter is brought to its attention are to "order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances." Rule 25.45. Exclusion of the evidence not previ-

ously disclosed is but one of the sanctions that a court may impose. In the instant case the court required the State to make all of the proposed exhibits available to the defendant. The court took a recess and the defendant and his counsel were given an opportunity to examine the exhibits and to determine whether they required anything further after viewing the exhibits. After viewing the exhibits counsel stated he was not satisfied but stated "I'll accept it." When asked what more he wanted counsel did not answer but complained that the Circuit Attorney's Office does not make prints of the photographs until the case is sent out to trial. The State even offered to confess to a mistrial if the defendant would make such a request but defendant declined. Defendant has not shown wherein he was prejudiced by the action of the trial court. Under the circumstances of this case we cannot say that the court abused its discretion.

We might add that if it is the practice of the Circuit Attorney's Office not to make photographs available to defendants until after the case is sent out to trial the practice is not within the spirit of Rule 25.32 and should not be condoned.

As to the items of clothing of which defendant now complains he specifically waived the right to object upon the ground he had not had the opportunity to view them prior to trial.

Defendant's only objection to the fingerprint evidence was that it was irrelevant and immaterial. He may not broaden that objection to encompass the present complaint. *State v. Lang*, 515 S.W.2d 507 (Mo. 1974).

■ Defendant next complains of the admission of four exhibits consisting of clothing in bags because they are irrelevant. No such objection was made to these exhibits when they were identified or when they were formally introduced into evidence. The specific objection that was made after

---

**2.** "25.32(A)(6) Any books, papers, documents, photographs or objects, which the state intends to introduce into evidence at the hearing or trial or which were obtained from or belong to the defendant."

they were introduced in evidence came too late. *State v. Hammonds*, 459 S.W.2d 365 (Mo.1970).

Defendant, by his next point, urges three separate issues with respect to restriction of cross–examination. He first claims that the court erred when it did not permit him to cross–examine the victim about his mishandling or misappropriation of funds from his former employer, a news vendor. Defense counsel on cross–examination of Christopher Moore ‘ asked, "[y]ou've had some trouble with the police yourself during that time; didn't you?" The State objected and in a discussion outside the hearing of the jury the following occurred:

THE COURT: Are we talking about arrests now?

MR. RABAN: We're talking about an arrest. About losing a job."

Defendant subsequently made the following offer of proof:

"that we will elicit, if the witness tells the truth, that he did in fact lose his job as a newspaper vendor because he had taken some of the vendor's money from selling newspapers and that this reflects on his credibility because the same thing could have happened here that if he lost the money, which he had collected for selling candy, he could have easily invented the robbery to cover up for his own loss of funds. I offer to prove that he was also known to the police on other occasions."

Upon inquiry counsel for defendant advised that he was not aware of any conviction or findings of delinquency. He advised that he had information that the witness was taken into custody by the police. He did not know when or where the witness was arrested.

■ Defendant may not impeach a witness by showing prior arrests. *State v. Lockhart*, 507 S.W.2d 395 (Mo.1974). If it was defendant's intention to ask the witness about an arrest the court properly sustained the objection of the State.

■ If it was defendant's intention to question the witness with respect to alleged specific acts of misconduct the question of admissibility is initially one of discretion to be exercised by the trial judge. In view of defense counsel's statements to the trial court we cannot say that it abused its discretion in refusing to permit counsel to ask about a specific act of misconduct. *State v. Lynch*, 528 S.W.2d 454 (Mo.App.1975); *State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979).

Defendant also proffered a question to the witness concerning an episode in which defendant claimed the witness tried to steal his dog. The defendant did not address this issue in the argument portion of his brief. It is therefore abandoned. *State v. Boley*, 565 S.W.2d 828, 831 (Mo.App.1978).

Defendant next complains that he was restricted in his cross–examination of two police officers. Defendant asked Officer Bowden if he was aware of the Neutron Activation Analysis for Residue test. The officer answered "[n]o, sir." The court then sustained further objections to questions as to this test.

Officer Hetzel testified on cross-examination as follows:

"Q Are you familiar with the Neutron Activation Analysis test?

MR. HOAG: Judge, we're going to make the same objection. It's absurd.

A Am I familiar with it? Yes. I've heard of it.

MR. HOAG: Judge, I object to any testimony on this.

MR. RABAN: I want to see whether he's an expert or not.

Q (By Mr. Raban) Have you been trained in that Neutron Activation Analysis?

A No, sir. Criminalists do that activity.

Q Do you know whether or not that test can be used to show whether someone—

MR. HOAG: Your Honor, I object. He's not an expert in this particular matter.

THE COURT: If he's not an expert, he can't testify to it."

The determination of the relevance and materiality of evidence rests largely within the discretion of the trial court and the appellate court will not interfere absent a clear abuse of discretion. Evidence is material and relevant when it tends to prove a fact in issue or corroborates relevant evidence bearing on the principle issue. *State v. Harlston*, 565 S.W.2d 773 (Mo.App.1978).

The State never contended that the defendant personally used a gun in the perpetration of the robbery and there was no evidence to that effect. Defendant remained in the car. One of the passengers who got out of the car had a gun. The only evidence that defendant might have had a gun occurred some time after the robbery. Officer Bowden testified that he saw what appeared to be a gun in defendant's hand when he was chasing the defendant. Whether defendant had a gun when he was being chased sometime after the robbery did not tend to prove or disprove any material fact concerning the commission of the robbery by defendant's accomplices.

When an objection is sustained to proffered evidence the party offering the evidence must demonstrate its relevancy and materiality by way of offer of proof in order to preserve the matter for appellate review. Such party must offer the evidence by way of a proper question and when the objection is sustained he must offer to show what evidence the witness would give if he were to answer, the purpose and object of the testimony, and all facts necessary to establish the admissibility of the evidence. *State v. Harlston, supra.*

Defendant here made no offer to show what he expected the witness to say or how any testimony of the witness would be relevant to the principal issue in the case. The issue has not been preserved for our review.

Defendant next complains that the trial court constantly overruled his objections but sustained the prosecutor's objections. He cites no reasons for his conclusion that this shows bias and does not suggest the court erred in its rulings. Defendant's point is "too general to merit consideration." *State v. Bowens*, 476 S.W.2d 495, 499 (Mo.1972).

Defendant's final point reads:
"THE COURT IN ERROR AND IN VIOLATION OF SUPREME COURT RULES 26.02(6) AND 20.01 AND 20.02 GAVE ORAL INSTRUCTIONS TO THE JURY WITHOUT REDUCING THEM TO WRITING TO TAKE WITH THEM TO THE JURY ROOM, TO THE PREJUDICE OF THE DEFENDANT, AND IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, AND EQUAL PROTECTION OF THE LAW AS PROVIDED IN AMENDMENTS 5, 6, AND 14 OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND IN VIOLATION OF ARTICLE I SECTIONS 10, 14, 18a AND 22a [sections 10, 14, 18(a), 22(a)] OF THE CONSTITUTION OF THE STATE OF MISSOURI."

The point presents nothing to rule upon. Rule 30.06(d) provides:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous   .   .   .   ."

The point does not set forth any identifiable action of the trial court. The general statement that the court gave oral instructions does not tell us what defendant considers to be an instruction. *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). We are not obliged to sift through the argument of counsel to determine the issues. *State v. Morrow*, 541 S.W.2d 738, 741 (Mo. App.1976).

We find no reversible error. The judgment of the trial court is affirmed.

WEIER and CRIST, JJ., concur.