**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Russell L. COLE, Defendant-Appellant.**

No. 14036.

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 1986.

Motion for Rehearing or Transfer
Denied April 18, 1986.

Application to Transfer Denied
June 17, 1986.

Sharon M. Busch, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Presiding Judge.

A jury has found defendant Russell L. Cole guilty of selling marihuana in violation of § 195.020, RSMo 1978, and has assessed his punishment at imprisonment for a term of 5 years. He now appeals, con-

tending that his right to cross-examine witness Ernest Arrasmith was unduly abridged. We affirm.

The State, having had a verdict, is entitled to have this court consider the evidence and the reasonable inferences to be drawn therefrom considered in that light most favorable to the State, rejecting all evidence and inferences which do not support the verdict. *State v. Franks*, 688 S.W.2d 787, 788 (Mo.App.1985); *State v. Netzer*, 579 S.W.2d 170, 173 (Mo.App.1979).

So taken and considered the record shows that in March 1984, Ernest Arrasmith began working for the Jasper County Sheriff's Office as a "volunteer undercover" agent. On June 8, 1984, Arrasmith went to the residence of one Peggy Schrader in Carthage. Apparently, the Schrader residence combined living quarters and a beauty shop. Shortly before 11 a.m. Mrs. Schrader was present; a customer was there, "getting her hair fixed." Arrasmith asked about purchasing some marihuana. Schrader thereupon introduced Arrasmith to the defendant. Arrasmith "told [defendant] I was looking for some marijuana to purchase, and [defendant] said that he had some [but] it would take a while to get it." Arrasmith asked to buy a "quarter bag." Defendant fixed the price at $30. Arrasmith gave the defendant $30.

Later the same day, Arrasmith returned to the Schrader residence and the defendant delivered a brown paper sack containing about five grams of a substance later identified as being marihuana. We find this evidence sufficient to sustain the judgment of conviction.

The Public Defender's Office has briefed and argued a single combination point, which as stated, is: "The trial court erred in sustaining the State's motion in limine and sustaining the State's objections to questions asked Ernest Arrasmith because appellant's Sixth Amendment Constitutional right to confront and to effectively cross-examine the witness was thereby denied in that questions such as 'Have you ever been involved in any controversies with police officers in the area regarding your conduct' were proper in order to test the witness' credibility and show possible bias by showing his interest in obtaining employment and his reputation for truth and veracity with other law enforcement officers."

We decline the Public Defender's invitation to discuss the defendant's Sixth Amendment right of confrontation, or to discuss techniques and methods of "impeachment" of a witness generally. In the circumstances, it is sufficient to address the single combined point of error assigned.

■ On the day of trial but before the trial was commenced the State filed a motion in limine averring that on the previous day, it had been informed that defendant intended to call a Carthage policeman as a witness to testify to an arrest of the State's undercover agent. Citing *State v. Lockhart*, 507 S.W.2d 395 (Mo.1974), and *State v. Brown*, 604 S.W.2d 10 (Mo.App.1980), and averring that the only purpose of such evidence would be to prejudice the jury, the State moved the court to instruct the Public Defender not to introduce or attempt to introduce testimony of the prior arrest and not to mention it in his opening statement. The motion was granted. Defendant contends that granting this motion was error.

As carefully noted in *Lockhart*, 507 S.W.2d at 396[3], there is an exception to the rule that an arrest or pending charge against a witness may not be shown to attack his credibility, but this exception was not established or even suggested by the Public Defender at the time the motion was presented. The trial court did not err in granting the motion in limine.

Our attention is called to four specific questions put by the Public Defender to which objection was sustained. They are:

"1. When you worked as an undercover agent for the Ottawa City Police Department, how did that employment end?

\*　\*　\*　\*　\*　\*

2. Were you ever offered a paid position with McDonald County?

\* \* \* \* \* \*

3. Within the last year, have you engaged in any illegal activity other than in your capacity as a law enforcement officer?

\* \* \* \* \* \*

4. Have you ever been involved in any controversies with police officers in the area regarding your conduct?"

■ The defendant's contention that the trial court erred in sustaining objections to these four questions is ill taken, for several reasons. In the first place, no contemporaneous offer of proof was made when the objections were sustained. Generally, when an objection to proffered evidence is sustained, the party offering the evidence must demonstrate its relevancy and materiality by making an offer of proof in order to preserve the matter for appellate review. The offer of proof must state facts which are specific and sufficiently detailed to establish the admissibility of the evidence sought to be introduced. Mere statements and conclusions of counsel are not sufficient. *State v. Dixon*, 655 S.W.2d 547, 557[14, 15] (Mo.App.1983), cert. denied, 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984), and see *State v. Rinehart*, 646 S.W.2d 827, 828 (Mo.App.1982).

In the case at hand, the defendant made no offer of proof, but offered only some conclusory statements which were neither definite nor specific. We stand in doubt that any of the matters assigned as error were properly preserved for appellate review. Nevertheless, we prefer to consider the appeal on its merits.

■ The first two questions to which objection was sustained were apparently designed to show that Arrasmith was "desperate to find a job and to [that] extent, might have over-exaggerated some of the cases that he's presented, especially this one." The difficulty with the defendant's assignment of error with respect to these questions is that Arrasmith admitted that he had trouble finding employment as a police officer, and that he believed the more arrests he made for Jasper County, the better chance he had for employment. Arrasmith also admitted that he wanted to obtain employment with the Jasper County Sheriff's office. The scope and extent of cross-examination of a prosecution witness as to his motive for testifying lies within the discretion of the trial court. *State v. Woods*, 508 S.W.2d 297, 301 (Mo.App.1974). While the motive may be developed either by cross-examination or by impeachment, *State v. Woods*, 508 S.W.2d at 301, the defendant was not prejudiced by the trial court's refusal to allow defendant to show the same matter twice.

■ The question "Within the last year, have you engaged in any illegal activity, other than in your capacity as a law enforcement officer" is too broad. A witness may be asked whether he has committed or admitted committing a specific criminal act, *State v. Foster*, 349 S.W.2d 922, 924–25[6–8] (Mo.1961); *Neal v. State*, 669 S.W.2d 254, 262[11, 12] (Mo.App.1984); *State v. Lynch*, 528 S.W.2d 454, 457[4] (Mo.App. 1975), but the public defender's question was so inclusive—"any illegal activity"—as to call for the admission of any violation of city ordinances, and crimes so remote as to have no present tendency to impeach the witness. The latitude and extent of cross-examination on collateral issues for purposes of impeachment is initially a matter for the trial court's discretion. The trial court's ruling may be set aside only when there is an affirmative showing that the court's discretion was abused. *State v. Stith*, 660 S.W.2d 419, 425[6] (Mo.App. 1983); *State v. Lynch*, 528 S.W.2d at 458[5, 6]. We find no abuse of discretion in sustaining the State's objection to the question inquiring about "any illegal activity."

■ Finally, the trial court sustained the State's objection to the Public Defender's question "Have you ever been involved in any controversies with police officers in the area regarding your conduct?" In our view, that inquiry was impermissible because inquiry about being under suspicion,

under investigation, or about any other contact with law enforcement officers is not a proper attack on the credibility of a witness. *Murphy v. State,* 636 S.W.2d 699, 702[13] (Mo.App.1982); *State v. Pulis,* 579 S.W.2d 395, 400[12] (Mo.App.1979).

We have considered the whole record; we conclude that the trial court's rulings assigned as error were not prejudicial to the defendant. There was ample evidence in the record to allow the jury to conclude, if it chose to do so, that Arrasmith was an unreliable witness. The jury chose to believe him. Accordingly, the judgment is affirmed.

PREWITT, C.J., and MAUS and CROW, JJ., concur.