**Martha J. NOBLE, Plaintiff-Appellant,**

v.

**W. Edward LANSCHE, and Orthopedic Associates, Inc., Defendants-Respondents.**

**No. 51459.**

Missouri Court of Appeals, Eastern District, Division Five.

June 16, 1987.

Motion for Rehearing and/or Transfer Denied July 21, 1987.

Application to Transfer Denied Sept. 15, 1987.

Norton Y. Beilenson, Dolgin, Beilenson, Klein, Lake & Nodiff, Clayton, for plaintiff-appellant.

William L. Davis, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for defendants-respondents.

CARL R. GAERTNER, Judge.

Plaintiff Martha J. Noble appeals from a judgment for defendants W. Edward Lansche, M.D., and Orthopedic Associates, Inc. in this medical malpractice action. She claims trial court error (1) in allowing defense counsel (a) to engage in improper cross-examination of her expert witness and (b) to go outside the evidence in the case in closing argument, (2) by refusing to admit certain photographs into evidence and (3) in overruling plaintiff's motion to strike for cause a particular member of the venire. We reverse and remand.

Defendant Lansche performed surgery for bilateral bunions and hammertoes on plaintiff's feet in May, 1981. Plaintiff alleges an inappropriate procedure was used with regard to the bilateral bunions and the operation was negligently performed as to the hammertoes. As a result she claims damages because her feet were severely

disfigured and she was unable to participate in her normal activities. Further surgery, to alleviate the problems allegedly caused by defendants, was performed by Dr. Anthony Halinsky. Halinsky was the only expert witness to testify at trial for plaintiff.

Prior to trial, plaintiff filed a motion in limine seeking to exclude any evidence concerning Halinsky's surrender of his license to dispense certain controlled narcotics. The trial court overruled the motion with the provision that defendants would be permitted to establish that Halinsky had indeed surrendered this license and further that the surrender was because the doctor had diverted drugs to his own use.

Plaintiff's first point on appeal is that the trial court erred in allowing defendants to delve into Dr. Halinsky's voluntary surrender of his license to dispense narcotics on cross-examination and in closing argument, the latter including a statement that Halinsky had personally abused a particular narcotic. It is well-settled that the scope of cross-examination lies within the discretion of the trial court. On appeal, we will not reverse unless abuse of that discretion is clearly shown. *Powell v. Norman Lines, Inc.*, 674 S.W.2d 191, 195 (Mo.App. 1984). Further, with regard to cross-examination of an expert witness, "wide latitude is allowed to test his qualifications, credibility, skill or knowledge and the value and accuracy of his opinion." *Id.* at 196 (citations omitted).

■ The evidence in dispute here concerns Halinsky's surrender of his license to dispense certain narcotics. On cross-examination of Halinsky the defendants established that Halinsky voluntarily surrendered the license because he had a medical problem with narcotics which was resolved. The effect of this surrender upon his medical practice, however, was merely to prevent him from personally dispensing narcotics to his patients. Instead, he would give his patients a prescription to be filled at a pharmacy. We reject defendants' argument that a license to dispense narcotics is so integral to a physician's practice that the jury must be made aware of its volun-

tary surrender. The ability to prescribe appropriate narcotics may well be essential to the care and treatment of a physician's patient, but the right to personally dispense the narcotics is of little significance. Moreover, evidence concerning Halinsky's former problem with drug abuse is unrelated to his skill, knowledge and qualification to express an opinion upon the propriety of the surgical procedure selected by defendant Lansche and the quality of Lansche's surgical performance.

It is important to emphasize that Halinsky lost his license to dispense through voluntary surrender and not a criminal conviction, as the latter would be a proper mode of impeachment on cross-examination. § 491.050, RSMo.1986, *Eichelberger v. Barnes Hosp.*, 655 S.W.2d 699, 704 (Mo. App.1983). This voluntary action has no more impact upon his credibility than an unprosecuted arrest on a criminal charge. We have consistently held that evidence of an arrest not resulting in conviction is improper impeachment. *State v. Lockhart*, 507 S.W.2d 395, 396 (Mo.1974); *Kehr v. Garrett*, 512 S.W.2d 186, 193 (Mo.App. 1974). Specifically, we have held that evidence of drug abuse is not admissible as impeachment of a witness's testimonial credibility and, in the absence of some showing of relevance to the witness's testimony, evidence of prior drug use is properly excluded. *Ransom v. Adams Dairy Co.*, 684 S.W.2d 915, 919 (Mo.App.1985). In *State v. Thompson*, 697 S.W.2d 575, 579 (Mo.App.1985), cross-examination concerning a prior history of alcohol abuse was held improper, although not warranting reversal under the circumstances.

■ The prejudice to plaintiff from this improper cross-examination was amplified in closing argument when defense counsel stated Halinsky had testified that "he got into personal trouble from using Demerol." No such evidence was in the record, and no such specificity may reasonably be inferred from Halinsky's statement "I had a medical problem with narcotics which was resolved." Counsel is allowed wide latitude in arguing legitimate inferences from the evidence of record, *State ex rel. Missouri*

*State Hy. Comm'n v. Hensel Phelps Constr. Co.*, 634 S.W.2d 168, 176 (Mo. banc 1982). However, it is "axiomatic counsel should neither argue nor draw inferences from matters not in evidence and that a trial court errs in permitting such a discourse." *Bergel v. Kassebaum*, 577 S.W.2d 863, 872 (Mo.App.1978) (citing *Hodges v. Johnson*, 417 S.W.2d 685, 689 (Mo.App.1967)). Further compounding the prejudicial effect of the improper impeachment were other aspects of the jury argument made by defendants' attorney, opening with "let's look at the substance of this guy" whose license to dispense narcotic drugs had been "surrendered to those guys in Jefferson City that watch doctors...." After the overruling of plaintiff's objection, defendants' attorney concluded with a sarcastic reference to the hospital through which Dr. Halinsky dispensed drugs. This argument does not even purport to suggest how the surrender of his drug dispensing license affected his skill, knowledge or qualifications as an expert medical witness. Rather, its calculated effect was to cast a pall of disparagement over the doctor's testimony by reason of irrelevant misconduct. We cannot conclude that this argument, impliedly approved by the trial court's overruling of the objection and request for an instruction to disregard, did not influence the jury to discount the testimony of plaintiff's only expert witness.

Usually the injection of irrelevant evidence does not engender the level of prejudice which "materially affect[s] the merits of the action," thus requiring reversal. Rule 84.13(b). However, this is not such an instance. Halinsky's testimony was crucial to plaintiff's case.

The forced disclosure of Dr. Halinsky's past drug abuse affected neither his qualification as an expert witness nor his credibility. It served only to besmirch his character. To conclude that such evidence, pertaining to the one witness whose testimony was essential to plaintiff's case, did not materially affect the merits of the case would be to ignore the poison inherent in the public perception of drug abuse.

The judgment is reversed and the cause is remanded for a new trial.

SNYDER, C.J., and SIMEONE, Senior Judge, concur.