**STATE of Missouri, Plaintiff–Respondent,**

v.

**Willie WATTS, Defendant–Appellant.**

No. 59209.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 13, 1991.

Loyce Hamilton, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant, Willie Watts, appeals his conviction of possession of cocaine, § 195.020, RSMo 1986 (repealed 1989, current version at § 195.202, RSMo Cum.Supp.1989). We affirm.

On June 24, 1989, Officer Brian Young was alone in a police van patrolling the Eighth District. At approximately 5:30 p.m., the dispatcher directed him to go to the 700 block of North Whittier. Officer Daniel Isom was also sent to the scene in a patrol car. As Officer Young approached the scene, he observed four men standing near a telephone booth in front of a laundromat at 713 North Whittier. Officer Young saw defendant place a clear plastic bag in the fencepost. Officer Isom arrived on the scene about the same time and also witnessed defendant shoving the bag in the fencepost. Defendant then resumed conversing with the other three men.

Officer Young checked the fencepost and found a clear plastic bag containing six rocklike substances believed to be cocaine. He seized the packet and placed it in his shirt pocket. Officer Young then arrested defendant. Meanwhile, Officer Isom detained the other three men, filled out an information sheet, and ran a wanted check on them. The immediate area was searched but nothing else was found. The officers placed defendant in police custody and released the other three men.

After taking the plastic bag to the police station, Officer Young placed it in an envelope marked with his initials. The envelope was conveyed to the police laboratory where the police criminalist labeled the specimen and identified it as cocaine. At trial, Officer Young identified state's Exhibit I as the same evidence that he removed from the fencepost and transported to the police laboratory. Exhibit I was received into evidence without objection.

Defense counsel sought to cross-examine Officer Young about potential bias in favor of the state. Defendant wanted to show that a charge pending against Officer Young for unlawful use of a weapon was nolle prosequied in return for favorable testimony. The trial court sustained the state's motion in limine regarding this testimony because there was no relation to the case at bar.

The jury returned a guilty verdict for possession of cocaine, § 195.020, RSMo 1986. The court sentenced defendant as a prior and persistent offender, §§ 558.016 and 557.036.4, RSMo Cum.Supp.1990, to seven years imprisonment. Defendant appeals that conviction claiming two points on appeal.

■ In his first point defendant argues that the trial court abused its discretion by disallowing the cross-examination of Officer Young on the unlawful use of a weapon charge that was nolle prosequied. Defendant contends this testimony should have been allowed to demonstrate the witness' bias or motivation to testify favorably for the state.

■ It is well established that an important purpose of the constitutionally protected right of cross examination is to provide litigants with a meaningful opportunity to challenge the credibility of testimony through the impeachment process. *State v. Johnson*, 700 S.W.2d 815, 817 (Mo. banc 1985), *cert. denied*, 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986). Parties should be allowed an opportunity to display before a jury the bias, hostility, or prejudice held by a witness against that party. *Id.* However, this is not a right free from all restrictions. The authority of a criminal defendant to show the existence and extent of a witness's bias, prejudice, or hostility is subject to the sound discretion of the trial court. *Id.* Discussing this discretion, the Supreme Court stated:

There are sound reasons for having a rule which gives a trial court the discretionary authority to limit the scope of cross-examination directed toward impeachment. As the helmsman of the trial process, a trial judge should be able to keep the process from becoming weight-

ed down with the accumulation of cumulative evidence and free of undue harassment of witnesses. It should be within the power of the trial court to limit or exclude the use of impeachment evidence whose prejudicial effect far out-distances its value to the jury as an aid for determining credibility. As Professor McCormick has noted, a trial judge 'has the responsibility for seeing that the sideshow does not take over the circus.' McCormick On Evidence, § 41 (3rd ed. 1984).

*Johnson,* 700 S.W.2d at 818.

■ The credibility of a witness may not be attacked by evidence of an arrest or criminal charge not resulting in conviction. *State v. Sanders,* 360 S.W.2d 722, 725 (Mo. 1962). In *State v. Lockhart,* 507 S.W.2d 395 (Mo.1974), the Supreme Court stated three exceptions to this rule: (1) where the inquiry shows a specific interest of the witness; (2) where it shows motivation to testify favorably for the state; and (3) where it shows the testimony was given in expectation of leniency. *Id.* at 396. In *Lockhart,* the defense sought to question a police officer witness concerning a pending second degree murder charge. The court found that error based on these three exceptions was not properly preserved in a motion for new trial. Further, no plain error was present because there was no showing the officer was motivated by interest or promise of leniency. That case does not go so far as to hold that it would be error to not permit confrontation regarding the officer's pending charge. At best, that inference could be considered dicta. More likely, the court did not intend this inference to mean, as defendant argues, that the trial court has no discretion to disallow questioning on bias issues.

Although defendant properly preserved this issue for review, we find that the trial court did not abuse its discretion by disallowing cross-examination of Officer Young concerning the nolle prosequied charge. It was within the court's discretion to avoid bogging down the trial in the quagmire of unrelated, collateral, or stale impeachment questioning. *See State v. Russell,* 625 S.W.2d 138, 141 (Mo. banc 1981). The prejudicial effect and the harassment of Officer Young resulting from questioning on this nolle prosequied charge far out distances the value to the jury as an aid to determining his credibility.

There was no nexus shown between the nolle prosequi of Officer Young's prior arrest and the giving of his trial testimony sufficient to satisfy the *Lockhart* exceptions. The prosecutor specifically disavowed, as an officer of the court, any connection between the two. Furthermore, as the defense admits, the entering of memorandum of nolle prosequi does not preclude the state from bringing the charges at a later date. Although this could be a reason for testifying favorably, it does not insulate Officer Young from later prosecution. Speculating or theorizing motives for testifying is not sufficient to show the connection that is necessary to obviate the trial court's discretion. Point I is denied.

In his second point on appeal, defendant argues that the state failed to establish a valid chain of custody regarding the plastic bag containing the cocaine rocks. Defendant contends that there was no proof that the exhibits admitted into evidence were in substantially the same condition as when seized. Therefore, there was not sufficient evidence to connect defendant to the crime.

■ In order to preserve allegations of error for appellate review, they must be included in a motion for new trial. Mo.Sup. Ct.Rule 29.11. Defendant did not raise this issue in a motion for new trial. Furthermore, the exhibit was entered into evidence without objection by defense counsel.

In *State v. Hornbuckle,* 769 S.W.2d 89, 92 (Mo. banc 1989), the defendant's limited hearsay objection and absence of other objections and his general complaint in the motion for new trial were not sufficient to preserve the issue for appellate review. The court went on to address the issue under the "plain error" standard. In this case, defendant neither makes a limited objection nor raises the issue in a motion

for new trial. He springs it for the first time on appeal. This is clearly not sufficient to preserve the issue for appeal, however, we have reviewed it for plain error.

Relief will be granted under the plain error rule only when the error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988), *cert. denied*, 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). Establishing a chain of custody does not require that the state account for hand-to-hand custody of the evidence from the time it is obtained to the time it is admitted to trial; rather, the evidence is sufficient if it shows "reasonable assurance" that it was the same and in the same condition as when it was received. *State v. Dudley*, 724 S.W.2d 517, 522 (Mo. App.1986). Further, the chain of custody of physical evidence is irrelevant where the exhibit is positively identified. *Id.*

We find no manifest injustice present here because the state elicited testimony from Officer Young and the police criminalist establishing reasonable assurance, if not hand-to-hand custody, that Exhibit I was in the same condition as when received. Officer Young testified that he put the plastic bag in his shirt pocket at the scene, placed the plastic bag in an envelope and marked his initials on it at the police station, and conveyed it to the police lab. The police criminalist testified that she received the drugs from the arresting officer, marked her initials on a small white box in which she placed the rocks, and kept this box in her care and custodial control. Moreover, Officer Young positively identified the Exhibit as the drugs he seized from the fencepost. This testimony did establish a sufficient chain of custody and no other miscarriage of justice constituting plain error is present. Point II is denied.

Affirmed.

KAROHL and GRIMM, JJ., concur.