STATE of Missouri, Respondent,

v.

Joseph THOMPSON, Appellant.

Joseph THOMPSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 62382, 63139.

Missouri Court of Appeals, Eastern District, Northern Division.

June 29, 1993.

Judith LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for second degree murder and the subsequent denial of his Rule 29.15 motion as untimely. We affirm.

In the light most favorable to the verdict, the facts are as follows: On November 30, 1990 at approximately 3 a.m., Officer Miller was called to the scene of a trailer fire at 415 Fairground, Lot 18, in Mexico, Missouri. The record reveals Defendant lived at the trailer. When Miller arrived, flames were visible throughout the trailer and the fire had burned through the roof. Twelve firefighters were able to extinguish the fire in about 45 minutes. While sorting through the rubbish of the fire, Officer Miller located the badly burned remains of a human being. The body was later identified as Maria Jolene Mahaney (Victim). Dr. Jay Dix testified the cause of death was cyanide poisoning. The cyanide was produced by the burning of some material in the trailer and was inhaled by Victim during the fire. Fire investigators for the State testified the fire was an incendiary fire intentionally set by flammable liquids being poured in the living room and kitchen of the trailer.

That same date, Defendant came to the Mexico Police Department voluntarily. After being given his Miranda warnings, Defendant stated he had argued with Victim that night. While arguing with her, he said he obtained a black powder bomb from the bedroom, accidentally lit it and it went off. He claimed the bomb merely caught some clothes on fire. He stated he and Victim argued again, he hit her real hard in the throat, and she fell to the floor. He stated some clothes were still smoldering on the floor, but he left, assuming Victim would put it out. Defendant originally denied pouring any flammable liquid on the floor, but later stated he had accidentally spilled some kerosene. Defendant was treated for second degree burns on his left arm and right thigh.

Defendant was charged with first degree murder and first degree arson. Trial was held on April 28–30, 1992. A jury convicted Defendant of second degree murder and sentenced him to life imprisonment. Defendant now appeals his conviction and the denial of his Rule 29.15 motion for postconviction relief.

In Point I, Defendant argues the trial court erred in overruling his objection to admission of State's Exhibit 47, a three-volume set of books entitled *Black Magic*. These books were found in a search of the bedroom of the trailer. Defendant asserts the exhibit was irrelevant and its prejudicial effect outweighed its probative value. We disagree.

■ This allegation of error has not been preserved for appellate review because Defendant failed to include it in his motion for new trial. Rule 29.11(d); *State v. Gonzalez–Gongora*, 673 S.W.2d 811, 816[10] (Mo. App.1984). Therefore, we review it only for plain error resulting in manifest injustice or miscarriage of justice. Rule 29.-12(b); *State v. Watts*, 813 S.W.2d 940, 944[6] (Mo.App.1991); *State v. Hudson*, 815 S.W.2d 430, 432[7] (Mo.App.1991).

■ "Evidence is relevant if it tends to prove or disprove a fact in issue or if it corroborates evidence that is relevant and bears on a principal issue." *State v. Daugherty*, 823 S.W.2d 33, 35[1] (Mo.App. 1991). Even if the evidence is relevant, it should be excluded if the prejudicial effect on the jury is "wholly disproportionate" to its probative value. *State v. Burns*, 795 S.W.2d 527, 531[9] (Mo.App.1990); *State v. Pollard*, 719 S.W.2d 38, 39[1] (Mo.App. 1986). These determinations rest within the sound discretion of the trial court. *State v. Powell*, 793 S.W.2d 505, 507[1] (Mo.App.1990).

Further, " '[a]rticles showing motive, or malice, or intent, or knowledge or preparation, may be received in evidence if shown to be connected with the crime or with the accused.' " *State v. Reyes*, 740 S.W.2d 257, 261[1] (Mo.App.1987), *quoting, State v. Evans*, 237 S.W.2d 149, 151 (Mo.1951). Demonstrative evidence is admissible if relevant to any material fact in issue. *State v. LaRette*, 648 S.W.2d 96, 103[11] (Mo. banc 1983).

The books in question were not submitted with the record. Our review is limited to the comments made by Detective Dean in identifying the books:

Q And what are those books?

A These deal with ... They are called *Black Magic*. Apparently, it is a three-volume set. It describes various techniques of self-defense. One of them deals with the *Dark Art of Death*. One of them is called, *Low Blows*. The other one is called, *Weapons at Hand*.

\* \* \* \* \* \*

Q And again, Detective Dean, I want to refer you to page 25 of the volume dealing with *The Dark Art of Death*. Have you had a chance to review that particular chapter?

A Yes, I have.

Q And what is that chapter about?

A This talks about different blows. The chapter is titled, *Vital Points of the Neck and Throat*, and it talks about various blows and things that you can do either with objects or with your hand to the throat area.

\* \* \* \* \* \*

A It talks about various things. It gives a little bit of anatomy and talks about loss of consciousness in seconds, that sort of things.

■ Defendant first argues the books were irrelevant because Victim did not die from blows to the throat, but rather from breathing cyanide gas. We believe the books were relevant. Defendant confessed he hit Victim in the throat prior to the fire in the trailer. The State's theory of the case is Defendant knocked Victim unconscious with a blow to the throat, then spread a flammable liquid around her body, and set the trailer on fire. Furthermore, in order for the jury to find Defendant guilty, the State had to prove, *inter alia*, that Defendant struck Victim, knocking her down on the floor. Whether Defendant hit Victim in the throat and rendered her unconscious was a material issue in the case. The *Black Magic* books are relevant to establish Defendant's knowledge of the vital areas of the throat which, when hit, would render a person unconscious.

In addition, in light of the trial court's discretion and the failure of Defendant to file the exhibit with this court, we are unwilling to say the prejudicial effect of the books was "wholly disproportionate" to their probative value. Point denied.

■ In Point II, Defendant asserts the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. Pursuant to Rule 29.15(b), Defendant was required to file his Rule 29.15 motion "within thirty days after the filing of the

transcript in the appeal pursuant to Rule 30.04." The transcript was filed in Defendant's direct appeal on August 31, 1992. Defendant filed his Rule 29.15 motion on October 1, 1992, more than thirty days after the filing of the transcript. The trial court did not clearly err in denying Defendant's 29.15 motion as untimely.

However, Defendant argues the deadline imposed by Rule 29.15(b) violates his right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution because it fails to make any provision for late filing. This argument has been considered and rejected by the Missouri Supreme Court in *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989). Point denied.

In Point III, Defendant avers the trial court plainly erred in giving Instruction No. 4, patterned after MAI–CR3d 302.-04. He argues the instruction improperly defines "reasonable doubt" as "firmly convinced." Our courts have repeatedly addressed this issue and rejected it. *State v. Griffin*, 848 S.W.2d 464, 469–470 (Mo. banc 1993); *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). Point denied.

Judgment affirmed.

KAROHL, C.J., and AHRENS, J., concur.