STATE of Missouri, Respondent,

v.

Latouria FOLEY, Appellant.

No. 43471.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied Jan. 18, 1982.

Joseph W. Downey, Public Defender, Linda Murphy, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Latouria Foley was convicted of robbery first degree, a violation of § 569.020 RSMo. Supp.1979 and sentenced to ten years with the Department of Corrections. We affirm.

From the evidence, the jury could have found that on January 28, 1980, appellant and Donald Swink robbed the Newstead Food and Package Liquor Store of $165. The defense was duress.[1] Appellant admitted that she participated in the robbery. She testified that at the time of the commission of the robbery she was a heroin addict, and that Mallory Draper, her accomplice's partner, had been supplying her drugs on credit. According to appellant, Draper told her to pay her debt, and unless she participated in the robbery she or her children would be harmed. She testified she was arrested three days after the robbery, at St. Louis City Hospital, where she was receiving treatment for a stab wound inflicted by Draper for her refusal to participate in another robbery. The trial court submitted the issue of duress to the jury in instruction no. 7. By its verdict, it resolved this issue against her.

Appellant's only assignment of error relates to three separate occasions on which she was denied the opportunity to testify to the substance of threats made by Draper. Each time the state objected and each time the trial court sustained the objection. Initially we note, after the court sustained the state's objection, no offer of proof was made, therefore, this issue was not properly presented for review. *State v. Nauman*, 592 S.W.2d 258, 262 (Mo.App.1979). We have, however, decided to review defendant's point.

It is clear that the testimony of a witness regarding the statement of another is hearsay only when the statement is offered as proof of the matters stated therein. *Giessow v. Litz*, 558 S.W.2d 742, 750 (Mo. App.1977). "There is a distinction between the hearsay rule prohibiting a witness from relating another person's statements for their intrinsic truth and a witness relating another's declarations, not for their intrinsic truth, but for the evidentiary fact, when relevant, that the statement was made." *State v. Trotter*, 536 S.W.2d 877, 879 (Mo. App.1976). In *Trotter*, the court held that it was not hearsay for a witness to relate threats made by the defendant's family. *See also, State v. Harris*, No. 61674 (Mo. banc July 14, 1974); *United States v. Herrera*, 600 F.2d 502 (5th Cir. 1979).

In these circumstances, the hearsay rule would not prohibit the appellant from relating threats made by Mallory Draper when the fact that the threats were made, not their intrinsic truth, is relevant. However, later in her testimony appellant was able to relate the conversation with Draper as follows:

Q. After a conversation with Mallory Draper and Donald Swink, did you agree to help in a robbery?

A. Yes, ma'am.

Q. What was your reason for that?

A. I had to pay him his money.

---

1. Section 562.071 RSMo.Supp.1979 provides that, "it is an affirmative defense that the defendant engaged in the conduct charged ... because he was coerced to do so, by the use of, or threatened imminent use of, unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist."

Q. Were any threats made towards you?

A. Yes, ma'am.

Q. What were the nature of those threats?

A. I had to pay, I had to pay him his money in full or part of his money. Also, he told me he was going to kill me, and to also remember that I had two children. He knew he could get access to them.

Q. Did you in fact participate in this robbery?

A. Yes, ma'am, I did.

. . . .

Q. Why did you participate in that robbery?

A. Because I knew he was serious about hurting me, I didn't want to get hurt. I didn't want to see my children hurt.

. . . .

Q. Why did you participate in this robbery?

A. Because I was afraid.

Q. Afraid of what?

A. Being hurt—or if not me being hurt, something happening to my children.

█ Based on these questions and answers, it is apparent appellant was not prejudiced by the trial court's earlier erroneous rulings. Any error in objection to the exclusion of testimony on a particular occasion is considered harmless where the testimony of similar import is subsequently introduced without objection. *State v. Blair*, 280 S.W.2d 687, 690 (Mo.App.1955).

Affirmed.

CRIST, P. J., and SNYDER, J., concur.