STATE of Missouri, Respondent,

v.

Robert Lee WHITE, Jr., Appellant.

No. 45683.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1983.

Charles W. Franklin, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Mexico, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of selling marijuana, a violation of § 195.020, RSMo. 1978, and was sentenced to a term of fifteen years with the Department of Corrections. He appeals. We affirm.

James Ferrari, an undercover narcotics police officer, testified that on April 24, 1981, at approximately 10:00 p.m., William Fountain approached him and his partner, Larry Panhorst, and inquired whether they had any marijuana. He replied that they did not but were looking for some. Fountain left and returned with the defendant, who asked the officers how much they wanted to buy.

They all drove to the defendant's trailer where Ferrari purchased one ounce of marijuana from defendant. After the sale was completed, defendant asked the officer if he was interested in purchasing purple microdots (LSD) because he was expecting a shipment in the next week. Ferrari testified he told the defendant they would check with him next week. Defendant then asked the officers whether they were interested in a million grams of morphine. Ferrari replied they might be interested in five vials of morphine. These two transactions were never consummated.

William Fountain and Tanya Gibbons, the defendant's girlfriend, both testified for the defendant. William Fountain testified on direct examination that he had seven felony convictions, including convictions for burglary and stealing and stealing a firearm. On cross-examination, Fountain admitted that he had been convicted of three counts of receiving stolen property on December 7, 1981. He also admitted that the property, which was the subject matter of those convictions, had been sold to officers Ferrari and Panhorst. Fountain acknowledged "they [Panhorst and Ferrari] convicted me of selling stolen goods."

Defendant contends that the trial court erred in "allowing the state to elicit from William Verdell Fountain on cross-examination the names of the persons to whom he had sold stolen property in that such question was improper impeachment."

■ We find no merit to this contention. It is always relevant to show the interest or bias of a witness. How far the inquiry into bias or interest goes is largely left to the discretion of the trial court. Absent a clear abuse of discretion, we will not interfere with the court's ruling. *State v. Glass*, 554 S.W.2d 426, 429 (Mo.App.1977).

■ The fact that the two principal state's witnesses were instrumental in convicting William Fountain on three counts of receiving stolen property clearly is a matter that is relevant to Fountain's interest or bias. The trial court committed no error.

In defendant's remaining point, he contends "the trial court erred in admitting evidence regarding a proposed sale of LSD and morphine . . . ."

In *State v. Tilcock,* 522 S.W.2d 60 (Mo. App.1975), defendant was convicted of the sale of amphetamine sulfate. The arresting officer also testified that defendant agreed to sell other drugs, including heroin. The court held that the proposed commission of a subsequent offense constituted direct evidence of the defendant's intent or motive. *See State v. McClure,* 504 S.W.2d 664 (Mo. App.1974); *State v. Felkins,* 599 S.W.2d 955, 957 (Mo.App.1980). We find here that the proposition to the officers involving LSD and morphine constituted evidence of intent and motive. We find no merit to defendant's point.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.