**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert June CHANDLER,
Defendant-Appellant.**

No. 47590.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 16, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Lew A. Kollias, Public Defender, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant Robert "June" Chandler guilty of two counts of robbery in the first degree for the gun-point robberies

of Roland Crawford and Jerry Macon. The trial court found defendant a prior offender of other felonies and sentenced him to two concurrent ten year prison terms. He appeals.

The state's evidence: Victims Crawford and Macon, along with juvenile Gregory McDonald, were waiting to wash Crawford's car when defendant, armed with a sawed off shotgun, and two other men, one of whom had a pistol, robbed Crawford of $1 and Macon of $2. McDonald had no money and did not testify. Crawford and McDonald promptly ran away. Crawford reported the robbery to policeman Richard Chapman who brought Crawford back to the car wash where Macon met them. Crawford and Macon, and perhaps McDonald, recognized defendant as a resident of their neighborhood. The morning after the robbery, Macon directed the police to defendant's abode where defendant was identified and arrested.

By defendant's first point he claims error in letting Officer Chapman relate an incriminating statement made to him by the non-appearing victim McDonald. The other two victims had already testified naming defendant for the jury, and describing him and the robbery.

On re-direct examination of Officer Chapman he told the prosecutor he had also interviewed non-testifying McDonald and was asked what McDonald had told him about defendant's car; Officer Chapman answered: "He told us that he had thought he had seen the people who did the robbery riding in a green Oldsmobile 98." Only then did defense counsel object on the ground of hearsay.

We decline for three reasons to find reversible error.

■ First, the time for defendant to have objected to the hearsay question to Chapman was when it was asked, not after it had been answered. Second, defendant invited the hearsay by his cross-examination of the officer which dealt extensively with what the robbery victims had told Chapman. Third, and most important, McDonald's now-challenged answer came in after both victims Crawford and Macon had

clearly identified defendant both before and at trial.

As in *State v. Lantigua,* 652 S.W.2d 177, 178[1, 2] (Mo.App.1983), we held that where as here there is such strong evidence of guilt we may "regard the challenged hearsay as harmless error, if any."

We deny defendant's hearsay point and consider his second point. It is that the trial court denied his motion to cross-examine juvenile witness Jerry Macon on the nature of a complaint then pending against Macon in the juvenile court. Defendant contends the complaint was relevant to Macon's incriminating trial testimony. Not so.

The robberies with which defendant is charged occurred in January of 1983. By trial time, witness Macon was in juvenile court custody on some other unrelated offense. The trial court granted the State's pretrial motion in limine to prohibit defendant from cross-examining Macon regarding his juvenile court record.

The introduction of evidence of a prior crime is ... a general attack on the credibility of the witness. A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness' motivation in testifying is proper and important function of the constitutionally protected right of cross-examination. *Greene v. McElroy,* 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959). *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 1110[3–6], 39 L.Ed.2d 347 (1974).

■ That Macon had charges pending against him would not be relevant to a general attack on his credibility, because impeachment for prior criminal acts is limited to convictions, but not arrests. See

*State v. Massa,* 512 S.W.2d 912[1–4] (Mo. App.1974). The issue is thus whether defendant is entitled to cross-examine Macon regarding his detention on charges in juvenile court in order to reveal a possible bias, prejudice or ulterior motive.

In *Davis v. Alaska, supra,* the U.S. Supreme Court held that the Confrontation Clause of the U.S. Const.Amend. VI gave the defendant the right to cross-examine a state's witness as to the witness' probationary status following a juvenile court adjudication in order to show the witness' possible bias or motive. 94 S.Ct. at 1110–11. The State's interest in protecting the anonymity of juvenile offenders, stated the court, is outweighed by the defendant's constitutional right to cross-examination. 94 S.Ct. at 1111–12.

■ The trial court here should have permitted an inquiry into Macon's detention at the juvenile detention facility as a means of establishing Macon's possible bias in that Macon may have been expecting favorable treatment from the State in exchange for his testimony. However, we find this error insufficient to warrant reversal, because defendant was not prejudiced by the trial court's limitation of the scope of the cross-examination of Macon.

> Confrontation clause doctrine appears to require reversal if there is any error; whether the error was harmless in the particular case is not considered ... The seeming harshness of that rule is diminished, however, because a confrontation clause violation generally does not occur unless the denied area of cross-examination is one of considerable relevance. Degree of relevance, in turn, bears a close relation to whether denial of confrontation was prejudicial.... The automatic reversal rule is not, therefore, entirely divorced from considerations of prejudicial error in its ultimate operation, even if it is so in its bare statement.

*Chipman v. Mercer,* 628 F.2d 528, 533[12] (9th Cir.1980).

Here, Macon's testimony was merely cumulative and corroborative of fellow victim Crawford's account of the crime. Each witness gave similar accounts of the robberies and both recognized defendant as a resident in their neighborhood. In addition, Macon was not a possible suspect in the instant robbery. The witness in *Davis v. Alaska, supra,* was a possible suspect in the crime with which the accused was charged and was the only state's witness who actually saw the accused at the scene of the crime. The lack of prejudice to defendant causes us to deny his point that the motion in limine was improvidently granted. Cf. *State v. Walters,* 528 S.W.2d 790, 793 (Mo.App.1975).

■ In addition, defendant has failed to preserve his second point for appellate review by not making an offer of proof as to Macon's testimony regarding his juvenile court status. A ruling on a motion in limine "... presents nothing for appellate review unless preserved by timely objection or offer of proof." *Robbins v. Jewish Hospital of St. Louis,* 663 S.W.2d 341, 348[14] (Mo.App.1983).

The judgment is affirmed.

GAERTNER, P.J., and SNYDER, J., concur.