STATE of Missouri,
Plaintiff-Respondent,

v.

Darwin E. CONLEY,
Defendant-Appellant.

No. 49269.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 6, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 17, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Henry Robertson, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRIST, Judge.

Defendant appeals his conviction by a jury of two counts each of rape, kidnapping, and robbery first degree, and one count of sodomy. He was sentenced to consecutive terms of imprisonment adding to a total of three life sentences plus ninety years. We affirm.

On September 9, 1983, the victims met at a lounge in St. Louis County. After several stops, they went to a lounge in East St. Louis to meet the sister of one of the victims. At that lounge, they noticed a blue 1972 Chevrolet with lantern coach lights, occupied by two men. As the lady they were to meet was not present at the lounge the victims stayed only briefly, then left and drove to the house of one of the victims in Jennings.

As they walked to the door of the house, the blue 1972 Chevrolet was driven up. The passenger jumped out, waved an object wrapped in a towel, and ordered them to walk to the car and remove their jewelry. The victims were placed in the backseat of the Chevrolet, and the car was driven to an apartment complex by John Shaw, defendant's companion. When they arrived, defendant got into the backseat with one victim, the other victim was placed in the

frontseat with Shaw, and the victims were raped. The victims were then ordered out of the car, and defendant and Shaw drove away.

A man gave the victims a ride to one of their houses, where the police were called. The police reports reflected a robbery in which twelve items were stolen from one of the victims. Descriptions of both assailants were given. Both victims were also taken to the hospital where they were examined and evidence was taken. Later, one of the victims saw a car similar to the one used by defendant, and reported its license number to the police.

As time went by without any apparent appreciable progress on the investigation by the police, one victim, (D.S.) became impatient. She called the police and demanded to know the progress of the investigation. The police invited her to look at some "mug shots." She identified Shaw and defendant, as did the other victim later.

Defendant, in his only Point Relied On, complains of the trial court's refusal to allow him to cross-examine victim D.S. concerning a discrepancy between the police report and an insurance claim she later filed. On the police report, prepared shortly after the kidnapping, robbery and rape, twelve items of jewelry were listed as stolen from D.S. An insurance claim, filed several days later, claimed seventeen items were stolen. Defendant sought to use this discrepancy to attack her credibility, claiming she had a motive to falsely identify defendant as her assailant to insulate her from investigation for making a fraudulent insurance claim.

It is proper to cross-examine a witness to discover any interest, bias, or motive for testimony that would serve to impeach that testimony. *State v. Guinan*, 665 S.W.2d 325, 331–32 (Mo. banc 1984). However, the scope and extent of such cross-examination is a matter consigned to the sound discretion of the trial court. Review is only to determine whether that discretion has been abused. *State v. White*, 650 S.W.2d 341, 342 (Mo.App.1983).

We perceive no abuse here because the evidence sought to be admitted would not establish any motive for the witness to testify falsely. Defendant argues the evidence of a discrepancy between the police report and the insurance claim established a possibility the claim was false, exposing D.S. to possible prosecution. Therefore, D.S. aggressively pursued the investigation and (falsely) identified defendant as her attacker to shield herself from the consequences of her fraudulent insurance claim. However, the conduct of D.S. in aggressively pursuing the investigation, a matter fully presented to the jury, exhibited only the obvious bias of a crime victim towards her attacker. *State v. Stewart*, 615 S.W.2d 600, 605–06 (Mo.App.1981). Defendant cites no legal reason why defendant's conviction would shield D.S. from liability, if her claim was false. Nor does he claim the discrepancy would prove the claim's falsity. We see no tendency for evidence of this discrepancy to establish a motive for D.S. to testify and identify defendant falsely, *See State v. Johnson*, 549 S.W.2d 348, 351 (Mo.App.1977).

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.