**Darwin CONLEY, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54160.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 10, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Feb. 8, 1989.

Application to Transfer Denied
March 14, 1989.

Jeanene Moenckmeier, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Movant appeals from the denial, after evidentiary hearing, of his motion for post-conviction relief pursuant to former Rule 27.26. He had been convicted of two counts each of rape, robbery and kidnapping and one count of sodomy. He was sentenced to consecutive punishments of three terms of life imprisonment plus ninety years. His convictions were affirmed on appeal in *State v. Conley*, 699 S.W.2d 50 (Mo.App.1985). We affirm.

Movant raised a vast array of charges to attack his conviction, most relating to ineffectiveness of his counsel. The trial court rendered findings of fact on each of the charges leveled. We have reviewed the

evidence before the trial court and the findings of fact. We have also noted the court's specific findings of non-credibility of movant's witnesses. Credibility is an issue for the trial court. *Johnson v. State,* 615 S.W.2d 502 (Mo.App.1981) [1, 2]. Our appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). The findings of the trial court are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake was made. *Stokes v. State,* 688 S.W.2d 19 (Mo.App.1985) [1]. In every instance we find the finding of the court supported by the record.

■ The essence of movant's contentions is that his trial counsel erroneously pursued a trial strategy based upon mis-identification rather than alibi or malicious prosecution. Support for an alibi defense required utilization of witnesses, predominately relatives or close friends, who either could not be contacted by counsel or who gave conflicting stories at war with movant's own explanation of his location at the time of the crimes. The malicious prosecution theory was based upon movant's suggestion that he had robbed the victims and they made up the rape story in retaliation. At no time has movant produced any evidence to support this theory which his counsel, not illogically, regarded as far-fetched. Under the guidelines established by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) we are unable to conclude on the record before us that the trial strategy utilized fell below an objective standard of reasonableness, particularly in view of the requirement in Strickland that we must indulge a strong presumption that counsel's conduct was reasonable. *Id.* 104 S.Ct. at [10].

■ Movant also raises here a challenge to the indictment which was not timely presented to the trial court. Relying upon *State v. Hasler,* 449 S.W.2d 881 (Mo.App. 1969) and *State v. Badakhsan,* 721 S.W.2d 18 (Mo.App.1986) movant contends the sufficiency of an indictment is jurisdictional and may be attacked at any time. Specifically he challenges the indictment as to one of the victims because it did not contain the allegation that movant was "acting with another." As to that victim the evidence established that movant's confederate actually raped the victim in the front seat of the automobile while movant was raping the other victim in the backseat. The indictment was not insufficient for it is established law that a court may properly submit to the jury a theory of accomplice liability even though the indictment charged the defendant as a principal. *State v. Randelman,* 705 S.W.2d 98 (Mo.App.1986) [2].

■ Movant also challenges the indictment on the basis that there existed a fatal variance between it and the instructions submitting the rape charges. The variance was in the reference in the instructions to the count to which the instruction referred. Count I charged movant with raping B.S. and Count VII charged him with the rape of D.S. The instruction referred to Count I and hypothesized the rape of D.S. and to Count VII and hypothesized the rape of B.S. Both instructions were in all other respects correct and proper. We are unable to find any fatal variance. The jury did not see the indictment and could not have been confused. On each count it found the requisite elements to support a conviction. A variance is not fatal unless it is material to the merits of the case and prejudicial to the defense of the defendant. *State v. Jarrett,* 481 S.W.2d 504 (Mo.1972) [9–11]. Neither situation is present here.

Movant has further challenged the trial court's action in dismissing without an evidentiary hearing several claims contained in his motion. We have reviewed those claims and find they were either refuted by the record, were inadequate factually to require a hearing or were inadequate as a matter of law to justify relief. We find it unnecessary to discuss at length these claims. Nor do we find it necessary or valuable to discuss movant's other peripheral contentions of error, for what we have heretofore said concerning movant's claims of ineffective assistance of counsel reflects

**334**

that those claims relate to non-relevant matters.

JUDGMENT AFFIRMED.

STEPHAN, and SATZ, JJ., concur.