STATE of Missouri,
Plaintiff/Respondent,

v.

Gregory JOINER, Defendant/Appellant.
(Two Cases)

Gregory JOINER, Movant,

v.

STATE of Missouri, Respondent.

Nos. 55778, 55889 and 59164.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 12, 1991.

---

Deborah B. Wafer, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

This is a consolidated direct appeal and appeal from denial of defendant's Rule 29.15 motion. The jury's verdict convicted defendant on three counts: Count I, first degree murder in violation of § 565.020 RSMo 1986; Count II, assault second degree in violation of § 565.060 RSMo 1986; and Count III, armed criminal action, § 571.015 RSMo 1986. The trial court sentenced defendant to consecutive terms of life imprisonment without parole, seven years and thirty years respectively.

Defendant raises four points of direct trial court error of which two are hearsay claims and two concern restrictions on cross-examination. Defendant also appeals denial of his 29.15 motion claiming ineffective assistance of counsel. We find defendant's first point dispositive, that the court erred in refusing to allow defendant to cross-examine the state's sole eye-witness, Ronald Cole, to develop evidence of bias. We reverse and remand on that claim of trial court error. Defendant's appeal of his 29.15 motion is therefore dismissed.

This is defendant's second trial on these charges. The first jury could not reach a verdict. Defendant does not now directly challenge the sufficiency of the evidence supporting his conviction. Much of this evidence was supplied by Ronald Cole and defendant contends the court prohibited defendant from challenging Cole's credibility by ordering no cross-examination about pending felony charges brought against Cole by defendant's prosecutor.

The evidence adduced at trial, in the light most favorable to the verdict, is as follows. On July 11, 1987, defendant left the apartment of his cousin in the Darst–Webbe Housing Project. Defendant took a .38 caliber revolver out of a holster hidden in

his cousin's apartment. After leaving the apartment, defendant walked about one block to a breezeway where he ran into Calvin Gene and Ronald Cole. Gene said to the defendant, "What's up Gay?" Further conversation took place. Defendant then pulled a gun and shot Gene in the head and turned the gun towards Cole. Cole then fell behind a station wagon, but was hit by a shot in the leg when he tried to run.

On direct appeal, defendant contends the court abused its discretion in denying leave to cross-examine Cole concerning two pending felony possession of cocaine charges against him. In a pretrial motion defendant requested permission to cross-examine Cole about these charges. Since the pending charges and the present case are being prosecuted by the same office, defendant argued this evidences potential bias on Cole's part and is therefore admissible. The court ruled, "Pending cases with regard to the witness will not be revealed to this jury." The matter was preserved in the motion for new trial.

The state claims this point is not properly preserved and requests this court not to review for plain error. *State v. Gillespie*, 792 S.W.2d 35, 36 (Mo.App.1990). The basis of the state's argument is a motion in limine must be preserved by timely objection at trial or by an offer of proof. *See State v. Chandler*, 682 S.W.2d 63, 65 (Mo. App.1984). Defendant's motion, however, was not a motion in limine. A motion in limine is a "protective order against prejudicial questions and statements". BLACK'S LAW DICTIONARY 914 (5th ed. 1979). The pretrial motion before the court requested permission to allow cross-examination. The request was to offer evidence of possible bias and prejudice, not exclude it. The court ordered defendant not to inquire. Therefore, the issue was foreclosed not by a ruling on an objection but by an order defendant not cross-examine. The court subsequently rejected the error in ruling on the motion for new trial.

We are not unmindful of the rule that an aggrieved party must ordinarily make an offer of proof. *Spencer v. State*, 795 S.W.2d 636, 638 (Mo.App.1990). The pur-

pose of an offer of proof is to provide the trial court and opposing counsel with the substance of the *excluded* testimony, in enough detail to demonstrate its relevancy and materiality. *State v. Foulk*, 725 S.W.2d 56, 66 (Mo.App.1987). It also provides a record for appellate review to determine whether the exclusion was erroneous and whether appellant was prejudiced by the exclusion. *State v. Jordan*, 699 S.W.2d 80, 83 (Mo.App.1985). Furthermore, an offer of proof is not always required. On cross-examination there is a much less exacting requirement for offers of proof, especially on exploratory matters. *City of Kansas City v. Johnson*, 679 S.W.2d 328, 332 (Mo.App.1984).

▪ In this case, the narrative supplied by defense counsel fulfilled the purpose of an offer of proof. The record contains the nature of the proposed enquiry to demonstrate or contest credibility of the state's most critical evidence. The court was fully informed on the subject matter of proposed questions *and* knew the answers would reveal the prosecutor had brought two felony drug charges against the state's witness that were still pending. The record is adequate to review the issue. We conclude defendant's first point of error is properly before the court.

An accused in a criminal prosecution has the right to confront the witnesses against him. U.S. Const.Amend. VI; Mo.Const. Art. I § 18(a). By virtue of the fourteenth amendment the federal right is secured in state prosecutions. *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). This right includes the opportunity to cross-examine the witness to expose any motivation, including potential bias or prejudice, which may influence his testimony. *Davis v. Alaska*, 415 U.S. 308, 315–317, 94 S.Ct. 1105, 1109–1111, 39 L.Ed.2d 347 (1974); *State v. Leisure*, 796 S.W.2d 875, 880 (Mo. banc 1990).

▪ In accordance with these principals an exception exists to the general rule excluding evidence of arrests and pending charges not previously resulting in conviction. *State v. Lockhart*, 507 S.W.2d 395,

396 (Mo.1974). This exception states evidence is admissible where the inquiry shows a specific interest of the witness, a *possible* motivation of the witness to testify favorably for the government, *or* where testimony was given in the expectation of leniency. *Id.*

■ The state asserts there must be an existing deal or evidence the witness expects leniency in exchange for the testimony. The state points out "the record affirms that no deal had been made with Cole, that no deal would be made with Cole and thus, that the testimony of Mr. Cole at this trial would have no effect whatsoever of [sic] those pending charges." The record simply does not support this proposition. During the pretrial motion the prosecutor stated only that she was *unaware* of any offers made on the pending charges and that no deal has yet been made. Nothing in the record indicates anything had been said to [witness Cole] from which he should have concluded his efforts would be of no avail to benefit his position.

In support, the state cites *State v. Smith*, 741 S.W.2d 778 (Mo.App.1987); *State v. Stephens*, 672 S.W.2d 714 (Mo. App.1984); and *State v. Craven*, 657 S.W.2d 357 (Mo.App.1983). Nothing in these cases indicate pending charges are not admissible to prove bias. In *Smith*, the state during direct examination, asked the witness if she had been promised anything for her testimony and if she had been told her testimony would help her son, who was also under arrest in the same matter. The witness replied she had not been promised anything. On cross-examination the defense attempted to inquire into the disposition of the son's case and his present whereabouts. It is important to note in *Smith*, it appears the son's case was no longer pending at the time of Smith's trial. Thus, evidence relevant to proving bias of this witness would have to be in relation to a deal in the past. There can be no hope of favorable treatment in a case previously disposed of. The court held these questions not probative of the witness' credibility because the answer already given disproved any bias. Furthermore, the *Smith* court exercised its discretion in limiting the scope of cross-examination on bias. It did not wholly prevent such testimony as in the present case.

In *Stephens*, the principal witness in a murder trial was asked whether he previously was charged with burglary and stealing. The court found this question impermissible because it did not show a specific interest of the witness, a possible motive of the witness or an expectancy of leniency. The *Stephens* case is inapposite. The burglary charges were not pending. Nor were they even remotely relevant in time. The record was wholly lacking in evidence from which possible bias could be adduced.

*Craven*, is of no help to the state. The evidence sought to be admitted was, in fact, elicited during cross-examination. The same is not true here.

■ The admissibility of evidence of the witness' status regarding pending charges against him, brought in the name of the same prosecutor, does not depend on an existing deal or on evidence of the witness' actual expectancy of leniency. Rather, a defendant in a criminal prosecution has a constitutional right to cross-examine the witness, for the purpose of showing possible motive or self-interest on actual or threatened criminal charges presently pending by efforts of the same prosecutor. Under such circumstances there is an existing, possible motivation to testify favorably for the prosecutor even if no deal is pending or likely. *Lockhart*, 507 S.W.2d at 396. It is sufficient if the witness might perceive a possible benefit. The extent of the examination is within the discretion of the trial court but the court may not wholly exclude the issue.

In *State v. Howard*, 693 S.W.2d 888 (Mo. App.1985), the trial court prohibited all enquiry about pending charges against a state's witness. During the suppression hearing the court instructed counsel explicitly not to elicit testimony about the witness' current status as a juvenile offender because it impeached his general credibility. At the time of trial, the witness faced a maximum of fifteen years in prison on charges he was arraigned for, if tried as an

adult. The *Howard* court found the "defendant's right to confront the witness against him was fatally impaired because he was forbidden to address the juvenile witness's possible motive or bias in testifying against him." *Id.* at 891.

Further support is found in the U.S. Supreme Court decision of *Delaware v. Van Arsdall*, 475 U.S. at 673, 106 S.Ct. at 1431. In *Van Arsdall*, the defendant was convicted of murder. Defense counsel sought, for the purpose of showing bias, to elicit on cross-examination of a prosecution's witness pending criminal charges for drunkenness on a highway and the fact these charges were dropped in exchange for an agreement to speak with the prosecution about the murder. The Supreme Court concluded this cross-examination was designed to show a "proto typical form of bias" from which the jury could draw inferences of reliability about the witness. Justice Rehnquist reasoned,

> the trial court prohibited *all* inquiry into the possibility that [the witness] would be biased as a result of the state's dismissal of his pending public drunkenness charge. By this cutting off all questioning about an event that the state conceded had taken place and that the jury might reasonably have found furnished the witness a motive for favoring the prosecution in his testimony, the court's ruling violated respondent's rights secured by the confrontation clause. *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435.

The case was remanded to the Delaware Supreme Court for a determination on whether the violation was harmless error under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

A recent decision by the Supreme Court of Wisconsin, *State v. Lindh*, 468 N.W.2d 168 (Wis.1991), analyzed the proto typical bias standard set out in *Van Arsdall*. The *Lindh* court noted that although the Supreme Court did not specifically define " 'proto typical form of bias,' the context of the case makes it clear that the court was referring to a situation in which a witness *might have* or *realistically perceive an interest* in testifying so as to favor the prosecution." *Lindh*, 468 N.W.2d at 178. (Our emphasis). Such a situation arises when the interest or motive of the witness is particularly distinct and immediate, the witness has an *ongoing dual relationship with the prosecutor*, or the witness is of some service to the prosecution by giving testimony while his status and relation to the same prosecutor is vulnerable. *Id.* at 179.

We now review a case which clearly involves possible proto typical bias. The state's sole eye-witness, at the time of trial, had two pending drug charges awaiting prosecution by the prosecutor who called the witness. The same prosecutor will ultimately present these charges and have discretion in the disposition of his case. It is *possible Cole believed* the disposition of the two charges against him may be influenced by his testimony. Thus, the jury could find the witness' perception of the prosecutor's control over the pending charges furnished Cole a motive to lie. The trial court cannot prevent such cross-examination entirely. *Van Arsdall*, 475 U.S. at 680, 106 S.Ct. at 1435; *State v. Hedrick*, 797 S.W.2d 823, 828 (Mo.App. 1990).

When showing bias, it is not necessary to prove the existence of a deal or the state's willingness or unwillingness to deal. What is relevant is the witness' knowledge of these facts, his perception of expectancy of favorable treatment if he furthers the state's case, or his basis to fear harsh treatment if his testimony is unfriendly. This is especially true, in a case such as this, where the witness has two prior felony convictions and a further conviction subjects him to enhanced sentencing. The court abused its discretion in preventing the cross-examination. *Smith*, 741 S.W.2d at 781.

On the issue of prejudice, the jury's perception of Cole is crucial in this case. Cole is the only eye-witness and his testimony the only proof of guilt. The remainder of the state's case is based primarily on witnesses who can only show a potential motive for the shooting, and inconclusive testi-

mony concerning the murder weapon. In short, the heart of the state's case lies in the eye-witness identification by Cole. "Where a case stands or falls on the jury's belief or disbelief of essentially one witness, that witness' credibility or motive must be subject to close scrutiny." *Hedrick*, 797 S.W.2d at 827, (quoting *State v. Roberts*, 25 Wash.App. 830, 611 P.2d 1297, 1300–01 (1980)). We find this constitutional error not harmless beyond a reasonable doubt under the *Chapman* standard.

Because we remand for new trial, it is not necessary to decide all issues raised in defendant's appeal. The third claim of error concerns a report not made available to defendant prior to trial and completion of testimony of the affected witness. Since all parties presently have knowledge of the report, the issue will not arise again.

We will review two further claims of error, which involve issues that may persist on retrial. First, defendant claims the court erred in admitting into evidence the victim's out-of-court statement, "What's up Gay?" because it does not fall within any recognized exception to the hearsay rule. Hearsay is testimony of an out-of-court statement offered as an assertion of the truth of matters asserted. *State v. McCann*, 792 S.W.2d 890, 893 (Mo. App.1990). Here, the victim did not intend to communicate a fact. If made, the statement was a greeting to a passerby. The comment was therefore not an assertion and not subject to the hearsay rule.

Second, defendant finds error in the admittance of evidence of another out-of-court statement which defendant also believes to be hearsay. Apparently, defendant is objecting to an entire line of questioning that centers around statements made to Officer Prenavo at a hospital after the rape of defendant's cousin. The statements concern facts of the alleged rape and the fact decedent was present with the alleged rapist just prior to the rape. It was elicited that defendant was present at the hospital and knew of these facts.

The testimony of a witness regarding the statement of another is hearsay only when the statement is offered as proof of the matters stated therein. *State v. Foley*, 629 S.W.2d 401, 402 (Mo.App.1981). The state did not offer the statements for the truth of the matter asserted. Rather, the evidence was offered to show knowledge and motive. This is a permissible use of the statement. *State v. Taylor*, 739 S.W.2d 220, 223 (Mo.App.1987). It is not hearsay. We need not reach the question of whether this evidence is admissible for impeachment because it is not likely the evidence will unfold in the same manner on retrial.

The judgment of the trial court is reversed and we remand for new trial. Defendant-movant's motion for Rule 29.15 relief is dismissed as moot.