**STATE of Missouri, Respondent,**

v.

**Michael A. THOMAS, Appellant.**

**No. WD 61625.**

Missouri Court of Appeals, Western District.

Nov. 4, 2003.

Vanessa Caleb, Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Patrick T. Morgan, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Presiding Judge.

Michael Thomas appeals his conviction of second-degree murder, for which he received a ten-year sentence. Thomas contends that he was prejudiced at trial because the court precluded him from presenting evidence that two witnesses against him had a motive to lie. We reverse the judgment and remand for a new trial.

## Background

In the early morning hours of September 3, 1999, Roy Love was severely beaten in the middle of a Kansas City street. He died of blunt head trauma thirty-six hours after the beating. The Jackson County prosecutor's office charged Michael Thomas with second-degree murder in connection with Mr. Love's death. Thomas' first trial ended in a hung jury.

At Thomas' second trial, two eyewitnesses testified that Thomas was one of the men who attacked Mr. Love. Those two witnesses, Michael Marshall and Walter Madge, both had criminal charges pending against them in Jackson County when they testified at the second trial. A third man, Willard Thompson, testified that he saw a man in a red shirt arguing with Marshall. Thompson testified that he saw this same man walk up to Mr. Love and "stomp" on his chest. He never identified Thomas as the man in the red shirt, but other evidence revealed that Thomas was wearing a red shirt that night. All three witnesses gave statements to the police the morning of the beating. Madge, who was Thomas' neighbor, identified Thomas as the assailant. Marshall later identified Thomas from a photo lineup.

Before Michael Marshall and Walter Madge testified, the State sought and was granted a ruling prohibiting defense counsel from cross-examining either witness about the criminal charges that were pending against them in Jackson and other counties. At trial, defense counsel made offers of proof as to both witnesses in order to show that the pending criminal charges provided a motivation for each to lie in order to curry favor with the prosecutor. Counsel asserted that at the time of trial Marshall had a pending charge of criminal nonsupport of a child in Jackson County brought by the same prosecutor that was handling Thomas' case. Counsel argued that even if the prosecutor had not made a "deal" with Marshall, the jury still was entitled to know about the pending charges so that it could decide whether the charges gave the witness "a motive[,] a bias and a reason to testify favorably for the State." The court rejected the offer of proof and affirmed its earlier ruling prohibiting cross-examination as to any of the pending charges.

As to Madge, defense counsel asserted that he should be entitled to cross-examine Madge about a felony drug possession charge pending against him in Jackson County. Counsel assured the court that Madge would testify that he did have such a pending charge and argued that the jury needed this information to properly consider his possible bias and credibility. Again, the court refused to allow cross-examination on the pending charges.

The jury convicted Thomas of murder in the second degree, § 565.021, RSMo, and recommended a ten-year sentence, which the court imposed. This appeal follows.

## Witnesses' Pending Criminal Charges

Thomas contends that the court erred in granting the motion in limine and denying defense counsel the opportunity to cross-

examine two of the State's witnesses about their possible bias and motive to testify favorably for the State based on the fact that each had pending criminal charges brought by the defendant's prosecutor.

## Standard of Review

Trial courts have broad discretion to admit or exclude evidence at trial, and the reviewing court will reverse only if it finds a clear abuse of discretion. *State v. Wolfe*, 13 S.W.3d 248, 258 (Mo. banc 2000). An abuse of discretion is found where the ruling is "clearly against the logic of the circumstances" and is "so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Gardner*, 8 S.W.3d 66, 73 (Mo. banc 1999).

## Analysis

A criminal defendant has a constitutional right to confront the witnesses against him. U.S. CONST. amend. VI and XIV; Mo. CONST. art. I, § 18(a). This includes the right to cross-examine a witness to expose to the jury any motivation, including potential bias or prejudice, which may influence his testimony. *State v. Joiner*, 823 S.W.2d 50, 52 (Mo.App.1991) (*citing Davis v. Alaska*, 415 U.S. 308, 315–17, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). As a general rule, a witness' credibility may not be impeached by evidence (of bad character) shown by pending charges that have not resulted in a conviction. *State v. Wise*, 879 S.W.2d 494, 510 (Mo. banc 1994). However, a defendant must be able to show potential bias or interest in the outcome of a case where: (1) the witness has a specific interest; (2) the witness has a possible motivation to testify favorably for the government; or (3) the testimony of the witness was given with an expectation of leniency. *State v. Lockhart*, 507 S.W.2d

395, 396 (Mo.1974); *Joiner*, 823 S.W.2d at 52–53.

Here, Thomas alleges that the court abused its discretion by not allowing him to cross-examine these two witnesses in order to show that each had a possible motivation to testify favorably for the State. In this case, both Marshall and Madge faced criminal charges filed by the same prosecutor's office for which they were testifying: Marshall for criminal nonsupport of a child, and Madge for possession of a controlled substance. Thomas does not contend that there was a deal between the prosecutor and the two witnesses, but argues that because the witnesses were facing criminal charges brought by this very prosecutor, they would necessarily have an expectation of leniency if they testified favorably for the State. Thomas asserts that it is common sense that a witness would believe that if he testifies favorably for a prosecutor, he is more likely to receive better treatment. *Joiner* supports these assertions. In *Joiner*, the defendant contended the court abused its discretion in denying leave to cross-examine a witness concerning two pending felony possession of cocaine charges against him. 823 S.W.2d at 52. Because the same office was pursuing charges against the defendant and the witness, the defendant argued that the evidence was admissible to show the witness' motive to lie. The court ruled, "Pending cases with regard to the witness will not be revealed to this jury." *Id.* The ruling was held to be reversible error. *Id.* at 54–55.

The *Joiner* court explained that the right to cross-examine in such circumstances does not depend on an existing or pending deal or on evidence of the witness' actual expectancy of leniency, but exists where the witness might merely perceive a possible benefit. *Id.* at 53. The relevant

issues are the witness' perception that he will receive favorable treatment if he furthers the State's case or his basis to fear harsh treatment if his testimony is unfriendly. *Id.* at 54. This is especially true in cases where the witness has prior felony convictions and is subject to enhanced sentencing on the pending charges. *Id.* In this case, Marshall had several prior felony convictions.

■ The State concedes that the trial court erred in denying defense counsel the right to cross-examine Madge about his pending drug charges, but claims that the restriction as to Marshall was proper. The State argues that rejection of the entire offer of proof as to Marshall was justified because Thomas wanted to offer information about pending criminal charges in Callaway County, Missouri, and Wyandotte County, Kansas, as well as pending charges in Jackson County. We find no merit in this argument. If the court believed that it would be too remote to show charges pending in other counties, the court could have excluded that evidence while recognizing the legal right of the defendant to present evidence of the charges in Jackson County. The court may not "wholly exclude" evidence of pending charges against a witness brought in the name of the same prosecutor. *Id.* at 53.

■ In this case, defendant was prohibited from disclosing to the jury the witnesses' potential motivation to lie in order to curry favor with the prosecutor. Under *Joiner*, "[t]he trial court cannot prevent such cross-examination entirely." *Id.* at 54 (*citing Delaware v. Van Arsdall,* 475 U.S. 673, 680, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). The defendant is entitled to cross-examine as to pending criminal charges brought by the same prosecutor even if there is no deal, and even if the witness merely perceives a possible benefit

for himself by doing so. Here, the defense was entitled to cross-examine both witnesses about pending Jackson County criminal charges to show the jury a possible motive to testify favorably for the Jackson County prosecutor's office.

■ The scope of the judge's discretion ends at the threshold of the rights secured by the Confrontation Clause of the Constitution. *See Van Arsdall,* 475 U.S. at 679–80, 106 S.Ct. 1431. The prosecution argued that the defense was merely trying to show the bad character of the defense witnesses, and that such bad character cannot be shown by evidence of a pending charge. The argument was misleading. The defense evidence was offered to show motive to lie, not bad character. The defense properly argued the point and preserved the error, stating that the evidence was designed to show "bias and a motive to lie." The court abused its discretion when it completely foreclosed cross-examination as to the pending charges. *See Joiner,* 823 S.W.2d at 54; *Van Arsdall,* 475 U.S. at 680, 106 S.Ct. 1431.

■ The State contends that there was no prejudice because other evidence corroborated the testimony of Madge and Marshall. Madge testified that he saw Thomas drop a bicycle onto Mr. Love's body several times, and a bloody bicycle was recovered at the crime scene. Marshall testified that he observed Thomas beat Mr. Love with beer bottles taken from a torn trash bag, and a ripped trash bag and broken beer bottles, both covered with blood, were found at the crime scene. Marshall testified that Thomas put his hand on Marshall's vehicle as they were talking, and Thomas' fingerprints were found on Marshall's vehicle. Marshall stated that Thomas argued with him about calling the police and then walked over to the victim's body and stomped on it. The

State contends that Willard Thompson's testimony that he observed a man in a red shirt first arguing with Marshall and then stomping on the victim corroborates this statement. However, we cannot agree that the evidence against Thomas was so strong as to be able to disregard the fact that the only two witnesses who identified Thomas *as the assailant* had a possible motive to lie in order to curry favor with the prosecutor. For Thomas to receive a fair trial, he should have been allowed to confront these witnesses as to their possible motivation to testify favorably for the prosecutor who had filed the pending charges against them. "Where a case stands or falls on the jury's belief or disbelief of [a] witness, that witness' credibility or motive must be subject to close scrutiny." *Joiner,* 823 S.W.2d at 55 (*quoting State v. Hedrick,* 797 S.W.2d 823, 827 (Mo. App.1990)).

The court's rulings failed to allow the defense to make the jury aware of the witnesses' potential bias or possible motivation to lie. Accordingly, the rulings denied defendant a fair trial.

## Conclusion

In light of the above considerations, we hold that the trial court abused its discretion in erroneously denying defense counsel the opportunity to cross-examine the witnesses as to pending criminal charges brought by the same prosecutor. The defendant was denied a fair trial. We therefore reverse and remand for a new trial.

ULRICH and HARDWICK, JJ., concur.